1 | ARLO GARCIA URIARTE, Bar No. 231764
    UN KEI WU, Bar No. 278006
2 | LIBERATION LAW GROUP, P.C.
    2760 Mission Street
3 | San Francisco, CA 94110
    Telephone: (415) 695-1000
4 | Facsimile: (415) 695-1006

5 | Attorneys for PLAINTIFF MARIO JAKOSALEM

6 | KEITH A. JACOBY, Bar No. 150233
    kjacoby@littler.com
7 | MICHELLE B. HEVERLY, Bar No. 178660
    mheverly@littler.com
8 | NATHALIE A. LE NGOC, Bar No. 254376
    nlengoc@littler.com
9 | LITTLER MENDELSON, P.C.
    2049 Century Park East, 5th Floor
10 | Los Angeles, California  90067.3107
     Telephone:   310.553.0308
11 | Facsimile:    310.553.5583

12 | Attorneys for Defendant
     AIR SERV CORPORATION
13 | (erroneously sued as "AIR SERV CORP.")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIO JAKOSALEM, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>AIR SERV CORP., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:13-cv-05944-SI<br><br>CLASS ACTION<br><br>ASSIGNED TO THE HONORABLE SUSAN ILLSTON<br><br>**JOINT DISCOVERY DISPUTE STATEMENT**<br><br>Complaint Filed: October 28, 2013 |

CASE NO. 3:13-cv-05944-SI

**JOINT DISCOVERY DISPUTE STATEMENT**

Plaintiff MARIO JAKOSALEM and Defendant AIR SERV CORPORATION (erroneously sued as "Air Serv Corp.") (collectively referred to herein as the "Parties") to the above-entitled action respectfully submit this JOINT DISCOVERY DISPUTE STATEMENT pursuant to the Court's Standing Orders dated May 8, 2014 and based upon an in-person meet and confer held between counsel on August 4th, 2014.

### I. Class List with Contact Information

A. Plaintiff's Position

Plaintiff seeks the production of a complete class list – identifying all putative class members by name and providing their addresses and telephone numbers. Plaintiff would like to forego a notice and opt-out period in order to avoid undue delay and needless expense. See *Belaire-West v. Landscape, Inc.*, 149 Cal. App. 4th 554 (2007).

Defendant has indicated that it refuses to produce the class list with contact information without first providing notice to the putative class members and an opportunity to opt out, due to privacy concerns, despite the fact that a protective order is in place. However, "numerous courts in the Northern District…have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members." *Benedict v. Hewlett-Packard Co.*, 2013 U.S. Dist. LEXIS 89225, 6-7 (N.D. Cal. June 25, 2013) citing *Holman v. Experian Info Solutions, Inc.,* 2012 U.S. Dist. LEXIS 59401, at *48 (N.D. Cal. Apr. 27, 2012).[1] In fact, this Court made a similar ruling very recently in *Minns v. Advanced Clinical Empl. Staffing LLC*, 2014 U.S. Dist. LEXIS 65198, 6-7 (N.D. Cal. May 9, 2014):

---

[1] See also *Currie-White v. Blockbuster, Inc.*, 2010 U.S. Dist. LEXIS 47071, 2010 WL 1526314, at *4 (N.D. Cal. April 15, 2010) (holding that a protective order is sufficient to address the privacy issues regarding employer's disclosure of employees' contact information in pre-certification discovery); *Artis v. Deere & Co.*, 276 F.R.D. 348, 2011 WL 2580621, at *4-5 (N.D. Cal. June 29, 2011) (holding that Plaintiffs had a right to discovery of putative class members' contact information with a protective order in place); *Bottoni v. Sallie Mae, Inc.*, 2012 U.S. Dist. LEXIS 76451, 2012 WL 8304347 (N.D. Cal. June 1, 2012) (recognizing that "ordinarily, protective orders are enough,"

"Here, the parties have entered into a stipulated protective order to govern the "production of personal, private information, corporate trade secrets or other confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted….Defendant has not explained why the protective does not address its privacy concerns, and the Court finds that the production of the names and contact information pursuant to the existing protective order adequately addresses class member privacy concerns."

Since a protective order is in place, Plaintiff urges the Court to order the immediate production of the class list as sought. Plaintiff emphasizes that its class certification hearing is only a few months away (February 2014). It will take a significant amount of time to interview many of the over 3,000 employees that make up the putative class. The extra time that it would take to engage in a notice and opt out period would prejudice Plaintiff's ability to prepare for class certification. He would likely need to seek a continuance of that hearing should a notice and opt-out process be required.

B.  Defendant's Position

Defendant insists on a short notice and opt out period. It emphasizes that the privacy of airline employees is at issue, not retail employees or the like. Airline employees have particularized security concerns, and Defendant believes there is a strong interest in protecting their contact information. Also, it does not feel that a notice and opt out period will be burdensome or lead to undue delay.

---

absent "special privacy concerns"); *Putnam v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007) (recognizing that " a protective order can strike the appropriate balance between the need for information and privacy concerns.").

PLANTIFF'S
CASE MANAGEMENT STATEMENT

CASE NO. 3:13-cv-05944-SI

Dated: August 7, 2014

*//s// Keith A. Jacoby*
KEITH A. JACOBY
MICHELLE B. HEVERLY
NATHALIE A. LE NGOC
LITTLER MENDELSON, P.C.
Attorneys for Defendant
AIR SERV CORPORATION

Dated: August 7, 2014

*//s// Arlo Garcia Uriarte*
ARLO GARCIA URIARTE
UN KEI WU
LIBERATION LAW GROUP, P.C.
Attorneys for PLAINTIFF MARIO JAKOSALEM

PLANTIFF'S
CASE MANAGEMENT STATEMENT

CASE NO. 3:13-cv-05944-SI