United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO JAKOSALEM, on behalf of himself, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>AIR SERV CORPORATION, and DOES 1 through 50<br><br>    Defendants.<br>_____/ | No. C 13-5944 SI<br><br>**ORDER RE: DISCOVERY** |

       The parties have submitted a discovery dispute to the Court. Docket No. 19. Named plaintiff Mario Jakosalem worked as a cabin cleaning agent for defendant Air Serv Corporation ("Air Serv") at San Francisco International Airport. Complaint ¶ 8. Air Serv is a business that provides an array of services to commercial airlines including cleaning, ground transportation, and security services. The complaint alleges, *inter alia*, that during the claim period Air Serv did not adequately compensate plaintiffs for time worked, and did not permit them to take rest and meal periods as required by law. Plaintiffs bring this lawsuit on behalf of "[a]ll current and former hourly or non-exempt employees of Defendants who worked in the State of California at any time from the date of the filing of this action through the entry of final judgment in this action." Complaint ¶ 45.

Plaintiff's motion for certification in this wage and hour class action[1] is scheduled to be heard on February 13, 2015. Defendant's motion for partial summary judgment as to a discrete issue (the so-called "day divide" issue) is scheduled to be heard on November 7, 2014. The parties have already entered into a stipulated protective order to govern the production of "confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted." Docket No. 15.

At this point, plaintiff seeks production of the name, address, and phone number for each putative class member. Plaintiff asserts that this information is necessary to prepare his motion for class certification and that it will take a significant amount of time to interview potentially thousands of Air Serv employees. Air Serv does not deny that plaintiff has demonstrated a need for class members' contact information, but it argues that to protect the privacy of putative class members, a "short notice and opt out period" should be provided.[2]

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679-80 (N.D. Cal. 2006). "[T]he party opposing discovery has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections with competent evidence." *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). "District courts have broad discretion to control the class certification process, and whether or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

---

[1] Plaintiff's action was filed in state court and removed to this court. Plaintiff's claims are brought under various provisions of California law, and class certification will presumably be sought under F.R.Civ.P. 23.

[2] This "short notice and opt out period" would presumably be in addition to the formal notice and opt-out period which will be provided pursuant to Rule 23 in February, 2015, should the class be certified.

2

The Court finds that class member contact information is likely to lead to evidence relevant to commonality and typicality, and thus that the discovery sought is appropriate. The Supreme Court has recognized the importance of allowing class counsel to communicate with potential class members for the purpose of gathering information, even prior to class certification. *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102-03 (1981); *see also Vinole*, 571 F.3d at 942 ("Although a party seeking class certification is not always entitled to discovery on the class certification issue, the propriety of a class action cannot be determined in some cases without discovery."); *Doninger v. Pacific Northwest Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir.1977) ("the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to [obtain material through discovery in order to demonstrate] whether a class action was maintainable . . . especially when the information is within the sole possession of the defendant.").

The California Supreme Court has held that "[c]ontact information regarding the identity of potential class members is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case." *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 373 (2007). The disclosure of putative class members' contact information generally "involves no revelation of personal or business secrets, intimate activities, or similar private information, and threatens no undue intrusion into one's personal life, such as mass-marketing efforts or unsolicited sales pitches." *Id.* Courts have held that producing discovery pursuant to a protective order is one way to protect the privacy interests of putative class members. *See Pioneer Electronics*, 40 Cal. 4th at 373; *Benedict v. Hewlett-Packard Co.*, No. 13-CV-0119-LHK, 2013 WL 3215186 at *2 (N.D. Cal. June 25, 2013) (noting that "numerous courts in the Northern District of California have allowed pre-certification discovery of putative class members' confidential information subject to a protective order, without requiring prior notice to the putative class members") (quotations omitted); *Minns v. Advanced Clinical Employment Staffing LLC*, 2014 U.S. Dist. LEXIS 65198 (N.D. Cal. May 9, 2014) (ordering defendant to produce contact information of putative class members, finding that a protective order was sufficient to address their privacy interests).

Here, the parties have entered into a stipulated protective order to govern the production of "confidential, proprietary, or private information for which special protection from public disclosure

3

and from use for any purpose other than prosecuting this litigation may be warranted." Docket No. 15. Defendant has not explained why the protective order does not address its privacy concerns, and the Court finds that the production of the names and contact information pursuant to the existing protective order adequately addresses class member privacy concerns.

Accordingly, the Court directs defendant to produce the requested class member contact information to plaintiff by **September 12, 2014**. This order resolves Docket No. 19.

**IT IS SO ORDERED.**

Dated: September 4, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

4