1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO JAKOSALEM,

       Plaintiff,

   v.

AIR SERV CORPORATION,

       Defendant.

Case No.  13-cv-05944-SI

**ORDER CONTINUING HEARING ON
FINAL APPROVAL OF CLASS
SETTLEMENT TO OCTOBER 2, 2015
AT 9:30 A.M.**

On May 4, 2015 the Court granted plaintiffs' unopposed motion for preliminary approval of class action settlement. Docket No. 41. On August 13, 2015, plaintiffs filed a motion for final approval of class settlement, scheduled for a hearing on September 18, 2015. Docket No. 46.

However, in their motion for final approval, plaintiffs acknowledge that the Class Action Fairness Act ("CAFA") notice was not sent out in a timely fashion. While defendant should have notified the appropriate state and government officials by April 11, 2015, notice was not sent out until July 2, 2015. Mot. at 15.

CAFA requires that "no later than 10 days after a proposed settlement," all defendants participating in the settlement must notify "the appropriate State official of each State in which a class member resides and the appropriate Federal official, a notice of the proposed settlement consisting of," *inter alia*, "any proposed or final class action settlement." 28 U.S.C. § 1715(b)(4). "An order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice required under subsection (b)." *Id.* §1715(d). "A class member may refuse to comply with and may choose not to be bound by a settlement agreement or consent decree in a class action if the class member demonstrates that the notice required under subsection

(b) has not been provided." *Id.* §1715(e)(1).

"According to the legislative history, Section 1715(b) was included as a means to 'safeguard plaintiff class members' rights,' by providing state and federal officials with an opportunity to 'voice concerns if they believe that the class action settlement is not in the best interest of their citizens.'" *Steinfeld v. Discovery Financial Services*, No. C 12-01118 JSW, 2014 WL 1309352, at *5 (N.D. Cal. Mar. 31, 2014) (internal citations omitted). Courts have found that CAFA's notice requirements have been substantially complied with when the relevant state and federal officials have had 90 days to review the proposed settlement, even when notice was sent out late. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 972-93 (E.D. Cal. 2012); *D.S. ex rel. S.S. v. New York City Dep't of Educ.*, 255 F.R.D. 59, 80 (E.D.N.Y. 2008).

Defendants served the CAFA notice on July 2, 2015; 90 days from that date is September 30, 2015. Plaintiffs propose proceeding with the hearing as scheduled on September 18, 2015, and, if the settlement is to be approved, simply waiting until September 30, 2015 to issue an order to that effect. However, the Court finds that the interests of justice would be better served by having the fairness hearing after the 90 day period has expired. Accordingly, **the Court reschedules the hearing for final approval of class settlement to October 2, 2015 at 9:30 a.m.**

The Court recognizes that the notice sent to class members listed the date of the hearing as September 18, 2015. To date, no objections have been made to the proposed settlement. However, in the event that any class members or objectors come to the courthouse on September 18, 2015, the Court will advise those persons that the hearing has been rescheduled to October 2, 2015.

**IT IS SO ORDERED.**

Dated: September 2, 2015

SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

2